UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                    Case No.: 07-14655-BKC-PGH
                                                          Chapter 7 proceeding
MAYKEL CORZO,

    Debtor.
_____/

MICHAEL R. BAKST, Trustee in Bankruptcy
for Maykel Corzo,

    Plaintiff,

vs.                                                       Adv.Proc.No.:

MARIA LUIZA CORZO,

    Defendant,
_____/

### COMPLAINT TO DETERMINE VALIDITY, PRIORITY, AND AMOUNT OF INTEREST IN REAL PROPERTY, TO QUIET TITLE, FOR DECLARATORY RELIEF PURSUANT TO BANKRUPTCY RULES 7001(2)(7) & (9), TO SELL REAL PROPERTY PURSUANT TO 11 U.S.C. §363(h), AND TO PARTITION REAL PROPERTY PURSUANT TO FLA. STAT. §64

The Plaintiff, **Michael R. Bakst, Trustee in Bankruptcy Maykel Corzo,** ("Trustee") by and through undersigned counsel, hereby sues the Defendant, **Maria Luiza Corzo,** ("Defendant"), to Determine Validity, Priority, and Amount of Interest in Real Property, to Quiet Title, For Declaratory Relief Pursuant to Bankruptcy Rules 7001(2)(7) & 9, to Sell Real Property Pursuant to 11 U.S.C. §363(h), and to Partition Real Property Pursuant to Fla. Stat. §64, and states:

### GENERAL ALLEGATIONS

1. This is an adversary proceeding brought by Michael R. Bakst, Trustee in Bankruptcy, seeking to Determine Validity, Priority, and Amount of Interest in Real Property, to Quiet Title, For Declaratory Relief Pursuant to Bankruptcy Rules 7001(2)(7) & 9, to Sell Real Property Pursuant to 11 U.S.C. §363(h), and to Partition Real Property Pursuant to Fla. Stat. §64.

2. This Court has jurisdiction over this subject matter pursuant to 28 U.S.C. §157 and 1334(b), as well as Federal Bankruptcy Rules 7001(2) & (3).

FTL:2746481:1

1

3.   This is a core proceeding for which the court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §157(b)(2)(A), (N), and (O).

4.   This action was commenced by the filing of a voluntary Chapter 7 bankruptcy petition for Maykel Corzo ("Debtor") on June 17, 2007, in Case Number 07-14655-BKC-PGH. The Plaintiff, Michael R. Bakst, is the duly appointed and qualified trustee in this Chapter 7 proceeding.

5.   The Defendant, Maria Luiza Corzo, ("Defendant") is the mother of the Debtor, resides in Palm Beach County, Florida, and is otherwise subject to the jurisdiction of this Court.

6.   On or around October 30, 1998, real property located at 5615 Coconut Road, West Palm Beach, Florida 33413, was conveyed from Maximo Corzo and Encarnacion Corzo to the Debtor, along with the Defendant, Maria Luiza Corzo. A copy of the Warranty Deed ("Warranty Deed") is attached hereto as **Exhibit "A".** The real property is described as:

> Lot 12, Block 2, Royal Palm Estates, according to the Plat thereof, on file in the Office of the Clerk of the Circuit Court, in and for Palm Beach County, Florida, recorded in Plat Book 22, Page 4.
>
> Subject to easements, restrictions and reservations of record and to taxes for the year 1998 and thereafter (hereinafter "Real Property")

7.   On the date of the bankruptcy filing, the Real Property contained a mortgage lien of approximately $125,000.00 and had a fair market value of approximately $200,000.00.

8.   The Debtor did not list the Real Property on his Schedule A and did not list it as exempt on his Schedule C.

9.   Upon the bankruptcy being filed, the Debtor's interest in the Real Property became property of the estate pursuant to 11 U.S.C. §541. The estate holds an undivided one-half (1/2) interest within the subject Real Property.

10.  As the Debtor failed to list the above referenced Real Property on his Schedules and claim any exemption for same, the Real Property is a non-exempt asset of the estate.

### COUNT I - DETERMINATION AS TO VALIDITY, PRIORITY, AND AMOUNT OF INTEREST IN REAL PROPERTY

11.  Plaintiff realleges paragraphs 1 through 11 as if fully set forth herein.

12.  The Defendant, Maria Luiza Corzo, may claim a one-half interest in the subject Real Property, however, any claim that the Defendant, Maria Luiza Corzo, may have is inferior to that of the Trustee to the extent of the estate holding a one half interest in the Real Property, all of which is

FTL:2746481:1

property of the bankruptcy estate pursuant to 11 U.S.C. §541.

13. Pursuant to 11 U.S.C. §541, 544(a)(1), 544(a)(2), 544(a)(3), and Bankruptcy Rule 7001(2), the Plaintiff/Trustee seeks an order from this Court determining that pursuant to the Warranty Deed, the estate holds a one half interest in the Real Property free and clear of any claim of right, title or interest of the Defendant, Maria Luiza Corzo.

14. Pursuant to 11 U.S.C. §541, 544(a)(1), 544(a)(2), 544(a)(3), and Bankruptcy Rule 7001(2), the Plaintiff/Trustee seeks an order from this Court determining that since the bankruptcy was filed before any attempted transfers based upon the public records in and for Palm Beach County, Florida as of the date of the bankruptcy filing, the Trustee is entitled to an order from the Court finding that the estate holds a one half interest in the subject Real Property free and clear of any claim of right, title or interest of the Defendant, Maria Luiza Corzo.

WHEREFORE, Plaintiff/Trustee, Michael R. Bakst, respectfully requests that this Court enter judgment determining that pursuant to the Warranty Deed, the estate holds a one half interest in the subject Real Property free and clear of any claim of right, title or interest of the Defendant, Maria Luiza Corzo, plus that the Court grant such other and further relief as the Court deems just and proper.

## COUNT II - ACTION TO QUIET TITLE

15. Plaintiff/Trustee realleges paragraphs 1 through 11 as if fully set forth herein.

16. This is an action to quiet title pursuant to Fla. Stat. §65, for which this Court has jurisdiction pursuant to 11 U.S.C. §105. The subject Real Property is property of this bankruptcy estate, as otherwise defined by Fla. Stat. §689.07(1), however, the public records are clouded based upon the language of the Warranty Deed as attached hereto as **Exhibit "A"**, naming both the Debtor and the Defendant as having co-ownership to the Real Property, while the Defendant has disputed the estate's ownership interest.

17. The Plaintiff/Trustee seeks an Order from this Court quieting title to the subject Real Property providing that the Defendant, Maria Luiza Corzo holds a one half ownership interest in the subject Real Property, and that a one half interest in the Real Property will be deemed owned by the bankruptcy estate free and clear of any interest which the Defendant, Maria Luiza Corzo may claim.

18. There is no declaration recorded among the public records in and for Palm Beach County declaring that the Real Property is held other than for the benefit of the Debtor and the Defendant. Pursuant to Florida Statute §689.07(1), the Warranty Deed executed on October 30,

FTL:2746481:1

3

1998 granted a fee simple estate to the Debtor and the Defendant in regard to the subject Real Property whereby upon the filing of this bankruptcy on June 17, 2007, such a one half interest in such Real Property became property of the bankruptcy estate pursuant to 11 U.S.C. §541.

WHEREFORE, Plaintiff/Trustee, Michael R. Bakst, respectfully requests that this Court enter a final judgment quieting title to the subject Real Property thus determining that the Defendant, Maria Luiza Corzo holds a one-half ownership interest in the subject Real Property and that the Bankruptcy estate holds a one half ownership interest in the Real Property.

### COUNT III - ACTION FOR DECLARATORY RELIEF

19. Plaintiff/Trustee realleges paragraphs 1 through 11 as if fully set forth herein.

20. This is an action for declaratory relief pursuant to Federal Bankruptcy Rule 7001(9).

21. The Defendant, Maria Luiza Corzo holds a one half interest in the subject Real Property and will be able to continue to claim a one half interest in the subject Real Property based upon the language of the Warranty Deed attached hereto as **Exhibit "A"**.

22. The Plaintiff/Trustee seeks a determination that the Defendant, Maria Luiza Corzo owns a one half interest to the subject Real Property, as otherwise defined by Fla. Stat. §689.07(1) and that the estate owns a one half ownership interest in the Real Property.

23. A present controversy exists as to whether the Defendant, Maria Luiza Corzo is entitled to a one half ownership interest in the subject Real Property, either as an owner, or otherwise, or an owner of the entire Real Property, for which the Plaintiff/Trustee seeks a declaration of his rights pursuant to Federal Bankruptcy Rule 7001(9).

24. Pursuant to Florida Statute §689.07(1), there is no recording among the public records in and for Palm Beach County declaring that the Real Property is held other than for the benefit of the Debtor and the Defendant, Maria Luiza Corzo. Pursuant to Florida Statute §689.07(1), the Warranty Deed executed on October 30, 1998, granted a one half interest in fee simple to the Debtor in regard to the subject Real Property whereby upon the filing of this bankruptcy on June 17, 2007, such one half interest in the subject Real Property became property of the bankruptcy estate pursuant to 11 U.S.C. §541.

WHEREFORE, Plaintiff/Trustee, Michael R. Bakst, respectfully requests that this Court grant a Declaratory Judgment in the Trustee's favor pursuant to Federal Rule of Bankruptcy Procedure 7001(9) determining that the Trustee holds a superior right, title, and interest in and to a

FTL:2746481:1

one half interest to the Real Property against the Defendant, Maria Luiza Corzo, whereby such one half interest to the Real Property shall be deemed to be property of the bankruptcy estate pursuant to 11 U.S.C. §541, and the Court adjudicate such one half interest to the Real Property which shall deemed to be property of the bankruptcy estate pursuant to 11 U.S.C. §541, which the Trustee shall be free to administer without interference by the Defendant, Maria Luiza Corzo, plus that the Court grant such other and further relief as the Court deems just and proper.

**COUNT IV**
**SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. §363(h)**

25. The Plaintiff/Trustee realleges paragraphs 1 through 11 as if fully set forth herein.

26. Upon the Court finding that any portion of the Real Property is property of the bankruptcy estate within any of this preceding Counts of this Complaint, the Trustee seeks to sell the estate's one half interest and the one half interest of the Defendant, Maria Luiza Corzo, as co-owners of the Real Property.

27. Partition in kind of such Real Property among the estate and the Defendant, Maria Luiza Corzo, is impractical. Such Real Property is a single family home, whereby there is no practicable manner of partition of such property, other than a sale and division of the proceeds. Upon information and belief, the Real Property cannot be subdivided.

28. The sale of the estate's one-half interest in the Real Property would realize significantly less for the estate than the sale of such property free of the one half interest of the Defendant, Maria Luiza Corzo. There is a chilling effect upon any prospective purchase of the estate's one half interest as long as the Defendant, Maria Luiza Corzo, retains any interest within the property.

29. The benefit to the estate of a sale of the Real Property free of the one half interest of the Defendant, Maria Luiza Corzo, out-weighs the detriment, if any, to the Defendant, Maria Luiza Corzo. The Real Property is worth approximately $200,000.00 while there is a mortgage lien upon the property of approximately $125,000.00. From a sale of the Real Property the Defendant, Maria Luiza Corzo, would receive lump sum proceeds equal to one half (1/2) of the net sale amount which would enable her to purchase any additional real property if she so desired. Additionally, the substantial equity within the property would enable the Defendant, Maria Luiza Corzo, to obtain financing to purchase the estate's one-half interest in the property, if she so choose to do so.

FTL:2746481:1

30.  The Real Property is not used in the production, transmission or distribution, for sale, of electric energy, or of natural or synthetic gas for heat, light, or power.

WHEREFORE, pursuant to 11 U.S.C. §363(h) and Federal Bankruptcy Rule 7001(3), the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for Maykel Corzo, seeks judgment in his favor and against the Defendant, Maria Luiza Corzo, providing that:

(a) The Plaintiff may sell the estate's one half interest and the one half interest of the Defendant, Maria Luiza Corzo, in the Real Property, whereby,

(i) The Defendant, Maria Luiza Corzo, shall be given the right to purchase the property at any proposed sale price the Trustee may obtain, pursuant to 11 U.S.C. §363(i); and,

(ii) The Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for Maykel Corzo may obtain the proceeds of such sale equivalent to the bankruptcy estate's one-half (1/2) interest and the Defendant, Maria Luiza Corzo may obtain the proceeds of such sale equivalent to her one-half (1/2) interest that she holds, less the costs and expenses of such sale as provided by 11 U.S.C. §363(j).

(b) All court costs of this action and attorney fees of this action shall be deemed costs of the sale which must be deducted from the proceeds of the sale before any proceeds are then distributed to the estate and the Defendant, Maria Luiza Corzo.

(c) The Court grant such other and further relief as the Court deems just and proper.

## COUNT V - PARTITION OF REAL PROPERTY
## PURSUANT TO FLA. STAT. §64

31.  The Plaintiff/Trustee realleges paragraphs 1 through 11 as if fully set forth herein.

32.  This action relates to real property consisting of the Palm Beach County, Florida real property as described more specifically in paragraph six (6) above ("Real Property"). The Defendant, Maria Luiza Corzo, claims a one half interest in the Real Property while the Trustee also asserts a one half interest in this Real Property. The Defendant and the Trustee are the only persons that may claim an interest in the Real Property. The Real Property currently is the residence of the Defendant, Maria Luiza Corzo. To whatever extent the Trustee would have a residence within his capacity as trustee of this estate, as defined within Fla. Stat. §64.041, it would be his business

FTL:2746481:1

address in West Palm Beach, Florida located at 222 Lakeview Avenue, Suite 800, West Palm Beach, Florida 33401.

33.   The Real Property, as a single family home, is indivisible and is held between the parties as tenants in common. The Trustee is unaware of any other persons that may claim an interest within the subject Real Property other than those persons which are parties to this proceeding.

34.   The amount of funds which would be deemed to be net proceeds, should not include any funds necessary to pay any unauthorized liens that may be upon the subject Real Property whereby the amount necessary to pay such liens should be paid from any proceeds attributable to the Defendant, Maria Luiza Corzo, and, to whatever extent such liens exceed the amount of net proceeds that the Trustee would be entitled to received from the sale of the Real Property if such liens had not been placed upon the property, the Trustee seeks a money judgment against the Defendant, Maria Luiza Corzo, for such amount.

35.   The Plaintiff/Trustee seeks a ruling from this Court adjudicating the rights and interests of the parties whereby the Court would find that pursuant to Fla. Stat. §64.061(4), the Real Property is indivisible and not subject to partition whereby the Real Property would not actually be divided into subparts. Instead, the Trustee would appoint an individual to act as a realtor to make a sale of the entire Real Property at private sale, while reserving jurisdiction to order a public sale upon motion of the Trustee as outlined within Fla. Stat. §64.071 if attempts at selling the Real Property through a private sale prove to be unsuccessful.

36.   Pursuant to Fla. Stat. §64.081, the Trustee seeks an award of attorney fees and costs to be determined on equitable principles in proportion to the party's interest. Further, the Trustee seeks a judgment from the Court ordering that the costs and attorney fees must be paid from the moneys arising from the sale and due to the parties who ought to pay the same. The Trustee also seeks a judgment providing that all taxes, state, county, and municipal, due thereon at the time of the sale, shall be paid out of the purchase money.

**WHEREFORE**, pursuant to Florida Statute §64 and Federal Rule of Bankruptcy Procedure 7001(7), the Plaintiff/Trustee, Michael R. Bakst, Trustee in Bankruptcy for Maykel Corzo, seeks judgment in his favor and against the Defendant, providing that:

(a)   The subject Real Property is indivisible and not subject to partition whereby the Real Property can not be divided into subparts. Instead, the Trustee would appoint an individual to sell the entire subject Real Property. Thereafter, from such sale:

FTL:2746481:1

7

(i) The Trustee and the Defendant, Maria Luiza Corzo, would obtain the proceeds of such sale equivalent to their respective one half interests, less the costs, including, but not limited to a realtor's fee and normal and customary closing costs, and attorney fees incurred in bringing this action as provided by Fla. Stat. §64.081;

(b) All court costs of this action and attorney fees of this action shall be deemed costs of the sale which must be deducted from the proceeds of the sale attributable to the Defendant before any proceeds are then distributed to the Defendant, Maria Luiza Corzo, pursuant to Fla. Stat. §64.081; and

(c) The Court grant such other and further relief as the Court deems just and proper, including, but not limited to, reserving jurisdiction to order a public sale as provided by Fla. Stat. §64.071, requiring all persons residing in the Real Property to vacate that property, reserving jurisdiction to enforce the terms of the Court's judgment by way of gaining access to the properties through the use of the United States Marshal, approving the retention a real estate broker as a special master to sell the subject real properties, and authorizing the Trustee to obtain keys and other items necessary to secure the properties.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

DATED this the 10 day of July, 2008.

                                                RUDEN, McCLOSKY, SMITH,
                                                SCHUSTER & RUSSELL, P.A.

                                                _____
                                                **Michael R. Bakst, Esq.**
                                                **Florida Bar No.: 866377**
                                                **Marla B. Somerstein, Esq.**
                                                **Florida Bar No.: 046262**
                                                **Attorneys for the Trustee**
                                                **222 Lakeview Ave., Suite 800**
                                                **West Palm Beach FL 33401**
                                                **Telephone: (561) 838-4523**
                                                **Facsimile: (561) 514-3423**
                                                **Email: michael.bakst@ruden.com**
                                                **marla.somerstein@ruden.com**

FTL:2746481:1

**Electronic Mail Notice List**

- Michael R Bakst    efilemrb@ruden.com, FL65@ecfcbis.com;Efile2557@ruden.com;Efile2556@ruden.com

- Michael R. Bakst    efile2565@ruden.com, efile2558@ruden.com;FL65@ecfcbis.com

- Charles F Kline    ckline4law@comcast.net

- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

**Manuel Notice List**

Brian K. McMahon, Esq., attorney for Maria Luiza Corzo
6801 Lake Worth Road
Suite 214
Lake Worth, Florida 33467

Maykel Corzo
1600 South Kanner Highway, #101
Palm City, Florida 34991

FTL:2746481:1

```
Nov-04-1998 09:22am 98-428906
ORB 10731 Pg 1236
Con    71,500.00 Doc    500.50
DOROTHY H. WILKEN, CLERK PB COUNTY, FL
```

THIS INSTRUMENT PREPARED BY AND RETURN TO:

Integrity Land Title, Inc.
5913 South Dixie Highway
West Palm Beach, FL 33405

Property Appraisers Parcel Identification (Folio) Numbers:
00-42-43-35-10-002-0120
Grantees SS #s: 262992025 and 262990105

_____ SPACE ABOVE THIS LINE FOR RECORDING DATA _____

**THIS WARRANTY DEED**, made the 30th day of October, A.D. 1998 by Maximo Corzo and Encarnacion Corzo, his wife, herein called the grantors, to Maria Luiza Corzo, a married woman, and Maykel Corzo, a single man whose post office address is 5615 Coconut Road, West Palm Beach, FL 33413, hereinafter called the Grantees:

(Wherever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations)

**W I T N E S S E T H:** That the grantors, for and in consideration of the sum of TEN AND 00/100'S ($10.00) Dollars and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee all that certain land situate in PALM BEACH County, State of Florida, viz:

Lot 12, Block 2, Royal Palm Estates, according to the Plat thereof, on file in the Office of the Clerk of the Circuit Court, in and for Palm Beach County, Florida, recorded in Plat Book 22, Page 4.

Subject to easements, restrictions and reservations of record and to taxes for the year 1998 and thereafter.

**TOGETHER**, with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**TO HAVE AND TO HOLD**, the same in fee simple forever.

**AND**, the grantors hereby covenant with said grantees that the grantors are lawfully seized of said land in fee simple; that the grantors have good right and lawful authority to sell and convey said land, and hereby warrant the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 1997.

**IN WITNESS WHEREOF**, the said grantors have signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:

_____    _____ L.S.
Witness #1 Signature                Maximo Corzo
Margarita Fergile                   5615 Coconut Road, West Palm Beach, FL 33413
Witness #1 Printed Name

_____    _____ L.S.
Witness #2 Signature                Encarnacion Corzo
Dawn R. Stuart                      5615 Coconut Road, West Palm Beach, FL 33413
Witness #2 Printed Name

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this 30th day of October, 1998 by Maximo Corzo and Encarnacion Corzo who are personally known to me or have produced _drivers licenses_ as identification.

SEAL                                _____
                                    Notary Signature
        Dawn R. Stuart              Dawn R. Stuart
        Notary Public, State of Florida
        Commission No CC655259      Printed Notary Signature
        My Commission Exp.06/12/2001
        Bonded Through Fla Notary Service & Bonding Co

My Commission Expires:
File # 98175WDM


EXHIBIT "A"