

**ORDERED in the Southern District of Florida on October 30, 2008.**

                                                                  *Paul G. Hyman (signature)*
                                                                   **Paul G. Hyman, Chief Judge**
                                                                   **United States Bankruptcy Court**

_____

```
              UNITED STATES BANKRUPTCY COURT
               SOUTHERN DISTRICT OF FLORIDA
                 WEST PALM BEACH DIVISION

In re:                              Case No.: 07-14655-BKC-PGH
                                    Chapter 7 Proceeding
Maykel Corzo,
     Debtor.
_____/

Michael R.Bakst, Trustee
     Plaintiff,
v.                                  Adv. No.:08-1431-BKC-PGH-A

Maria Luiza Corzo,
     Defendant.
_____/
```

<u>**AMENDED MEMORANDUM ORDER GRANTING IN PART TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**</u>

**THIS MATTER** came before the Court upon Michael R. Bakst's ("Trustee") *Motion for Partial Summary Judgment* ("Motion"). As directed by the Court's Briefing Order, the Trustee and Maria Luiza Corzo (the "Defendant") filed a Joint Stipulation of Uncontested Facts which provides the following background information.

**BACKGROUND**

Maykel Corzo ("Debtor") filed for Chapter 7 relief on June 17, 2007. On July 10, 2008, the Trustee filed a *Complaint to Determine Validity, Priority, and Amount of Interest in Real Property, to Quiet Title, for Declaratory Relief Pursuant to Bankruptcy Rules 7001(2)(7) & (9), to Sell Real Property Pursuant to 11 U.S.C. § 363(h), and to Partition Real Property Pursuant to Fla. Stat. § 64.* ("Complaint"). The Defendant is the mother of the Debtor. The Complaint concerns the estate's and the Defendant's respective interests in certain real property consisting of a single family residence located in West Palm Beach ("Property"). On or about October 30, 1998, the Property was conveyed from Maximo Corzo and Encarnacion Corzo to the Debtor and the Defendant by Warranty Deed as recorded in Plat Book 22, Page 4, by the Clerk of the Circuit Court, in and for Palm Beach County, Florida. Compl. Ex. A. The Debtor did not list the Property on Schedule A. There is no subsequent transaction or declaration recorded among the public records in and for Palm Beach County to indicate the Property is held in a manner other than as reflected on the Warranty Deed.

The Complaint is in five counts. The Trustee seeks entry of summary judgment as to the relief sought in Counts I, II, and III.[1]

---

[1] The Trustee does not seek summary judgment with respect to the relief sought in Counts IV & V, wherein the Trustee seeks Court approval to sell the Property pursuant to 11 U.S.C. § 363(h), and to partition the proceeds of such sale as described in the Complaint.

Count I seeks a determination that pursuant to the Warranty Deed, the estate holds a one-half interest in the Property free and clear of any claim of right, title, or interest of the Defendant. Count II maintains that title to the Property is clouded based upon the Warranty Deed's language naming the Debtor and the Defendant as having co-ownership of the Property and the Defendant disputing the estate's ownership interest. Accordingly, in Count II, the Trustee asks the Court to quiet title to the Property by determining that the Defendant and the estate each hold a one-half interest in the Property. Count III seeks declaratory judgment that pursuant to 11 U.S.C. § 541 the estate holds one-half interest in the Property which is superior to Defendant's interest in such one-half interest in the Property, and further determining that the Trustee shall be free to administer the estate's interest in the Property without interference by the Defendant. However, the Court notes that the Complaint contains no allegations that the Defendant has interfered with the Trustee's administration of the case.

    The Defendant filed an Amended Answer and Affirmative Defenses stating that the Defendant owns the entire Property, and disputing that the estate holds any interest in the Property. The Defendant argues that the Debtor holds only bare legal title subject to a resulting trust for the Defendant's benefit. The Defendant states by Affidavit that she purchased the property with her own funds, that she obtained the mortgage, and that she is the only signatory

on the promissory note. The Defendant further states that the Debtor has made no contribution to the purchase or maintenance of the Property, and has made no payments on the mortgage secured by the Property. The Debtor maintains that she had no intention of giving her son a one-half interest in the Property and that she made her son the co-owner of the Property to avoid the necessity of probate in the event of her demise.

**CONCLUSIONS OF LAW**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N), and (O).

## I.   *The Summary Judgment Standard*

Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056(c), provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Rice v. Braniger Org., Inc.*, 922 F.2d 788 (11th Cir. 1991); *Rollins v. TechSouth, Inc.*, 833 F.2d 1525

(11th Cir. 1987); *In re Pierre*, 198 B.R. 389 (Bankr. S.D. Fla. 1996). Rule 56 is based upon the principle that if the court is made aware of the absence of genuine issues of material fact, the court should, upon motion, promptly adjudicate the legal questions which remain and terminate the case, thus avoiding the delay and expense associated with a trial. *See United States v. Feinstein*, 717 F. Supp. 1552 (S.D. Fla. 1989).

In considering a motion for summary judgment, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987) (*citing Anderson*, 477 U.S. at 248). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (*citing* Fed R. Civ. P. 1). "Summary judgment is appropriate when, after drawing all reasonable inference in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Murray v. National Broad. Co.*, 844 F.2d 988, 992 (2d Cir. 1988).

## II. *The Legal Arguments of the Parties*

The Defendant argues that on the petition date the Debtor held only bare legal title in the Property which was subject to a resulting trust for the sole benefit of the Defendant. The Defendant concludes that entry of summary judgment would be inappropriate because the existence of the alleged resulting trust is a factual matter to be determined by the Court. While Defendant's response alleges the existence of a resulting trust, it does not address the effect such a trust would have on the determination of this matter. The Court assumes that Defendant's counsel raised this issue to argue that based upon the Defendant's asserted equitable interest, the Property is excluded from the estate under § 541(d).

The Trustee, while not conceding the issue, argues that even if the Court were to find the existence of a resulting trust, that fact would have no bearing on the Trustee's entitlement to the relief sought. Specifically, the Trustee argues that pursuant to 11 U.S.C. § 544(a)(3), the Trustee has the rights and powers of a bona fide purchaser of real property, and that under Florida law, a bona fide purchaser without notice would take priority over an unrecorded equitable interest such as the resulting trust alleged by the Defendant. As discussed below, the Court agrees. Assuming without deciding that there is a resulting trust in the Property for the benefit of the Defendant, the Court finds that the Trustee

6

is still entitled to entry of summary judgment as a matter of law.

Determination of the issue presented – whether the Trustee as a hypothetical bona fide purchaser can avoid Defendant's claim to an unrecorded equitable interest as beneficiary under a resulting trust - requires examination of the relationship between §§ 544(a)(3) and 541(d) of the Bankruptcy Code.

## II. *Sections 541(d) and 544(a)(3)*

Section 541 broadly defines property of the estate subject to specific interests that are excluded from estate property. *In re Paul J. Paradise & Assoc., Inc.*, 249 B.R. 360, 365 (D. Del. 2000). In this matter, the subsections pertinent to defining property of the bankruptcy estate are § 541(a)(1) and (3) which state:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
>   (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
>
>          * * *
>
>   (3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.

11 U.S.C. § 541(a)(1) and (3).

While § 541(a)(1) includes all of a debtor's legal or equitable interests as property of the estate, § 541(d) operates to exclude those equitable interests of which a debtor holds only bare legal

title. Section 541(d) states in pertinent part:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d).

Thus, § 541 determines what property interests constitute estate property. Section 544(a), the other section at issue in this matter, gives the Trustee certain "strong arm" powers. "Section 544 gives a bankruptcy trustee, as of the petition date, the status of a judicial lienholder, a creditor with an unsatisfied execution, and a bona fide purchaser of real property." *Vineyard v. McKenzie (In re Quality Holstein Leasing)*, 752 F.2d 1009, 1012 (5th Cir. 1985). "The purpose of § 544 is to arm the trustee with sufficient powers to gather in the property of the estate." *Kapila v. Atlantic Mortgage & Inv. Corp. (In re Halabi)*, 184 F.3d 1335, 1337 (11th Cir. 1999)(*citing* 11 U.S.C. § 544(a)(3)). In this matter, the Trustee's argument for summary judgment rests on subsection 544(a)(3) which states in pertinent part:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that

>       obtains the status of a bona fide purchaser and has
>       perfected such transfer at the time of the
>       commencement of the case, whether or not such a
>       purchaser exists.

11 U.S.C. § 544(a)(3).

Thus pursuant to § 544(a)(3), "the trustee is considered a *bona fide* purchaser of real property in the bankruptcy estate [who] may avoid obligations of the debtor that are voidable by such a purchaser." *Halibi*, 184 F.3d at 1337 (emphasis in original).

In *General Coffee Corp.*, the Eleventh Circuit noted that tension existed between §§ 541(d) and 544(a) "because § 541(d) excludes certain equitable interests from the estate of a bankrupt while § 544(a) permits the trustee to bring certain tainted property into the control of the estate." *City Nat'l Bank of Miami v. Gen. Coffee Corp. (In re Gen. Coffee Corp.)*, 828 F.2d 699, 704 (11th Cir. 1987).

>       For example, where the debtor holds certain real
>   property in constructive trust for another because of
>   fraud, § 541(d) excludes from the estate the
>   constructive trust beneficiary's equitable interest in
>   the property. It appears, however, that § 544(a) would
>   bring the trust property into the estate in spite of §
>   541(d). Section 544(a) would permit the bankruptcy
>   trustee to bring the constructive trust property into
>   the estate through his strong-arm powers as a
>   hypothetical bona fide purchaser because a constructive
>   trust beneficiary's interest in real property is, by
>   definition, an unrecorded interest, which is inferior
>   to the interest of a bona fide purchaser of real
>   property.

*Id.* at 704-705 (citations omitted).

The Eleventh Circuit discussed two approaches that had

9

developed to reconcile the apparent tension between §§ 541(d) and 544(a)(3), but did not endorse either approach because they each yielded the same result in that case. *Id*. at 705. The minority approach, as presented by the Fifth Circuit in *Quality Holstein Leasing*, held that as a general rule, § 541(d) prevails over the trustee's strong-arm powers under § 544(a). 752 F.2d at 1013 (determining § 541(d) prevailed over § 544(a)(3) in situations where state law conferred equitable title on third parties effective prior to commencement of the bankruptcy case). In contrast, the majority approach rejected the notion that § 541(d) operated to limit a trustee's § 544 strong-arm powers, and instead held that §§ 541(d) and 544(a) operate independently. *See e.g. Belisle v. Plunkett,* 877 F.2d 512, 515 (7th Cir. 1989)("Section 541(d) does not have anything to say about the effects of § 544(a)(3)"); *Nat'l Bank of Alaska v. Erickson (In re Seaway Express Corp*.), 912 F.2d 1125 (9th Cir. 1990). Under the majority approach, property that is not part of the estate under § 541(d) may come into the estate under §544(a) by exercise of the trustee's strong-arm powers.[2] *General Coffee*, 828 F.2d at 705 (citations omitted).

---

[2] In determining that § 541(d) took precedence over §544(a),the Fifth Circuit in *Quality Holstein Leasing* reasoned that although the trustee's strong-arm powers "allow a trustee to assert rights that the debtor itself could not claim to property, Congress did not mean to authorize a bankruptcy estate to benefit from property that the debtor did not own." 752 F.2d at 1013-14. The Seventh Circuit disagreed with this reasoning. In *Belisle v. Plunkett*, Judge Easterbrook stated:

"With all respect to the Fifth Circuit, we believe that allowing the estate to 'benefit from property that the debtor did not own' is exactly what the strong-arm powers are about: they give the trustee the status of a bona

10

It is significant to note that *Quality Holstein Leasing* and *General Coffee* considered the pre-1984 version of § 541(d). In 1984, Congress changed the language of § 541(d) to substitute "under section (a)(1) or (2) of this section" for "under subsection (a) of this section". *Paradise Assoc.*, 249 B.R. at 366 n.26. Therefore, "[u]nder current law, § 541(d)'s limitations apply only to property brought into the estate under subsection (a)(1) or (2) of that section and, by inference, not to subsections (a)(3) or (4)." *Id.* at 367. Thus, § 541(d) does not apply to subsections 541(a)(3) and (a)(4), which "allow the trustee to bring into the bankruptcy estate property that the debtor did not own at the commencement of the bankruptcy case but that the trustee may recover for the benefit of creditors under various strong arm powers, including § 544's strong arm powers."[3] *Id.* "It follows § 541(d) should not be construed to limit the Trustee's ability to bring property into the

---

fide purchaser for value, so that the estate contains interests to which the debtor lacked good title. The estate gets what the debtor could convey under local law rather than only what the debtor owned under local law - a critical distinction. . ."
 877 F.2d 516 (7th Cir. 1989).
      Two recognized policy considerations underlie these different approaches. The minority approach advances the policy that bankruptcy law does not create substantive property rights but instead recognizes property rights created by nonbankruptcy law, typically state law. The majority approach advances the policy of ratable distribution among similarly situated creditors. *Paradise Assoc.*, 249 B.R. at 365 (citations omitted). *See also Seaway Express*, 912 F.2d at 1129 (permitting an inchoate unrecorded equitable interest to take over the trustee as a bona fide purchaser of real property would amount to giving a priority to an otherwise unsecured creditor and is inconsistent with the policy of ratable distribution)(citations omitted).

      [3]Section 541(a)(3) includes as property of the estate property that the trustee recovers under § 550. Section 550 in turn permits the trustee to recover property avoided under § 544. *See* 11 U.S.C. § 550.

11

estate through the 'strong-arm' powers of § 544, and, in particular, through the Trustee's rights as a bona fide purchaser of real property." *Id.; see also Seaway Express Corp.*, 912 F.2d at 1128 (§ 541(d) was amended in 1984 and "no longer affects property brought into the estate by the trustee's avoidance powers under §§ 541(a)(3)-(7)"). Thus, the current version of § 541(d), which does not apply to property brought into the estate by exercise of the trustee's strong arm powers, resolves any tension between §§ 541(d) and 544(a) presented in this case.

### III. *Under Florida law bona fide purchasers prevail over unrecorded equitable interests*

Having determined that § 541(d) does not limit the Trustee's ability to bring property into the estate through § 544(a)(3), the Court finds that even if the Defendant proves the existence of a resulting trust, the Trustee in his status as a bona fide purchaser of real property would prevail under Florida law because the Defendant's asserted equitable interest is unrecorded. Although the Trustee's strong arm powers arise under federal law, the scope of these powers vis-a-vis third parties is governed entirely by the substantive law of the state in which the property in question is located. *Paradise Assoc.,* 249 B.R. at 371. In this case, the real Property is located in Florida, and therefore, the Trustee's rights and powers as a bona fide purchaser are governed by Florida law.

Under Florida's recording statute, Fla. Stat. §695.01,[4] a bona fide purchaser of real property takes precedence over unrecorded equitable interests. *In re Loewen Group Int'l*, 292 B.R. 522, 527 (Bankr. D. Del. 2003)("a bona fide purchaser under Florida law may avoid an unrecorded interest")(citations omitted); *In re Abrass*, 269 B.R. 665 (Bankr. M.D. Fla. 2001); *Dubai Islamic Bank v. Attorneys' Title Ins. Fund*, 778 So. 2d 413 (3d DCA 2001); *see also Belisle v. Plunkett,* 877 F.2d at 515 ("Under most states' laws, however, the buyer in good faith of real property can obtain a position superior to that of the rightful owner if the owner neglected to record his interest in the filing system. Section 544(a)(3) gives the trustee the same sort of position.").

In this matter, the Warranty Deed evidences that the Property was conveyed to the Debtor and the Defendant as co-owners. There is no subsequently recorded transaction or declaration indicating that the Debtor holds only bare legal title subject to a resulting trust for the benefit of the Defendant. Thus, under Florida Statutes §

---

[4] Florida Fla. Stat § 695.01 titled, Conveyances to be recorded, states in pertinent part:
(1)   No conveyance, transfer, or mortgage of real property, or of any interest therein, nor any lease for a term of 1 year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law; nor shall any such instrument made or executed by virtue of any power of attorney be good or effectual in law or in equity against creditors or subsequent purchasers for a valuable consideration and without notice unless the power of attorney be recorded before the accruing of the right of such creditor or subsequent purchaser.

695.01, the Trustee in his status as a bona fide purchaser would prevail over the unrecorded equitable interest asserted by the Defendant.

### IV.  *Resulting vs Constructive Trusts*

Finally, the Court notes that most of the case law involving the interplay of §§ 541(d) and 544(a)(3) involve interests arising under constructive trusts rather than resulting trusts. *Raborn v. Menotte (In re Raborn)*, 470 F.3d 1319, 1324 n.4 (11th Cir. 2006); *Paradise Assoc.,* 249 B.R. at 364 n.13; *see e.g. General Coffee*, 828 F.2d at 706 ("the question before us is thus whether an ideal creditor would prevail over a constructive trust beneficiary under Florida law."); *Abrass*, 268 B.R. 665; *Dubai Islamic Bank v. Attorneys' Title Ins. Fund*, 778 So. 2d 413; *Belisle v. Plunkett*, 877 F.2d 512. However, the assertion of Defendant's equitable interest pursuant to a resulting trust, rather than a constructive trust, does not change the result.

As distinguished from express trusts, resulting trusts and constructive trusts are two different types of trusts implied by law. *Wadlington v. Edwards*, 92 So.2d 629, 631 (Fla. 1957). As the Florida Supreme Court explained:

> A resulting trust is simply a status that automatically arises by operation of law out of certain circumstances. A constructive trust is a remedy which equity applies in order to do justice. In the creation of a resulting trust it is essential that the parties actually intend to create the trust relationship but fail to execute documents or establish adequate evidence of the intent.

14

> The typical illustration is where one man furnishes the money to buy a parcel of land in the name of another with both parties intending at the time that the legal title is held by the named grantee for the benefit of the unnamed beneficiary.
>
> By contrast, a constructive trust is a relationship adjudicated to exist by a court of equity based on particular factual situations created by one or the other of the parties. The element of intent or agreement either oral or written to create the trust relationship is totally lacking. The trust is 'constructed' by equity to prevent an unjust enrichment of one person at the expense of another as the result of fraud, undue influence, abuse of confidence or mistake in the transaction that originates the problem.

*Id.* (citations omitted).

The Defendant asserts that as of the petition date, the Debtor held bare legal title in the real Property subject to the Defendant's equitable interest in a resulting trust. However, "the differences between a constructive trust and a resulting trust are immaterial in th[e] § 544(a)(3) context. Florida law [section 695.01], the applicable state law here, does not differentiate between a constructive trust or resulting trust when addressing a bona fide purchaser's rights regarding real property." *In re Loewen*, 292 B.R. at 527; *compare Golden Mortgage Fund v. Kennedy (In re Gold Triangle Capital, Inc.)*, 171 B.R. 79, 82 (B.A.P. 9th Cir. 1994)(the difference between a resulting trust and a constructive trust is important in determining whether <u>*personal*</u> property becomes property of the estate)(emphasis added).

In *General Coffee*, the Eleventh Circuit alluded to the

possibility of a different result under Florida law for the beneficiary of a resulting trust as compared to the beneficiary of a constructive trust in the case of a judgment lien creditor. 828 F.2d at 706 n.9. "A judgment lien creditor cannot have his debt satisfied out of the property held in the name of his judgment debtor under a resulting trust for another, unless it is made to appear that it was on the faith of the judgment debtor's apparent ownership that credit was given which resulted in the judgment sought to be satisfied." *Id.* (*quoting Estey v. Sharp Elecs. Corp.,* 409 So.2d 217, 217 (Fla. 4th DCA 1982)). The Eleventh Circuit commented that such possible different treatment was justified because a resulting trust beneficiary could have protected his interest while a constructive trust beneficiary could have done nothing in advance to protect his interest from a future lienholder. *Id.* Although the Eleventh Circuit was considering the possible differences for constructive and resulting trust beneficiaries vis a vis the trustee as an ideal lienholder rather than the trustee as a bona fide purchase of real property as in this matter, this dicta highlights the fact that a resulting trust beneficiary can take steps to protect their equitable interests. In this matter, the Defendant could have protected her asserted equitable interest in the Property by recording her alleged equitable interest in the public records.

## CONCLUSION

The Defendant's assertion of a factual issue regarding the existence of a resulting trust does not prevent entry of summary judgment in favor of the Trustee. Assuming without deciding that the Defendant is the beneficiary of an unrecorded equitable interest in a resulting trust in the Property, the Trustee standing in the shoes of a bona fide purchaser would still prevail under Florida law.

## ORDER

The Court, having considered the Motion, the Response, the applicable law, and being otherwise fully advised in the premises, does hereby **ORDER AND ADJUDGE:**

1. Trustee's Motion is **GRANTED IN PART** and **DENIED IN PART.**

2. Summary judgment in favor of the Plaintiff is **granted** as to Count I of the Complaint. Pursuant to the Warranty Deed, the Debtor and the Defendant were granted a fee simple interest in the subject real Property. Upon the filing of the Debtor's bankruptcy on June 17, 2007, the Debtor's one-half interest in the subject real Property became property of the bankruptcy estate free and clear of any right, title or interest of the Defendant, Maria Luiza Corzo.

3. Summary judgment in favor of the Plaintiff is **granted** as to Count II of the Complaint seeking an order quieting title to the subject real Property. Defendant Maria Luiza Corzo holds a one half interest in the subject real Property and the bankruptcy estate holds a one half interest in the subject real Property.

4. The relief sought in Count III is **denied** insofar as the Trustee seeks a declaration that he is free to administer the subject real Property without interference by the

> Defendant. However, the Complaint does not allege that the Defendant has interfered with the Trustee's administration of the Property. Furthermore, the relief requested is in the nature of injunctive relief and a request for such relief is inappropriate in the context of a summary judgment motion. The Court will retain jurisdiction to adjudicate any matters that arise in connection with the Trustee's administration of the estate's interest in the subject real Property.

5. Pursuant to Bankruptcy Rule 9021, the Court contemporaneously herewith enters a separate partial final judgment.

###

Michael Bakst, Esq.
Brian McMahon, Esq.
AUST

Mr. Bakst is directed to serve a copy of the Order on all interested parties not listed above.